UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
GISETTE VEGA,                                                :
                                           Plaintiff,        :
                                                             :        23 Civ. 11025 (LGS)
                        -against-                            :
                                                             :        **OPINION AND ORDER**
LOUIS MOLINA, et al.,                                        :
                                           Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Gisette Vega brought this action pro se against Defendants Louis Molina,

Solange Grey, Nadine Pinnock, Wayne Prince, James Mattone, Jason Andrews, Joel Tucker,

Joycelyn McGeachy-Kuls, Asim Rehman, Eric Adams, Kevin Casey, the City of New York

(collectively, the "City Defendants"), Joey Jackson Law, PLLC, the Correction Captain's

Association, Inc. (the "CCA"), the Correction Officers' Benevolent Association, Inc. (the

"COBA"), Benny Boscio, Patrick Ferraiuolo, Paul Idlett and Otis Blount in connection with the

termination of her employment as a City correction officer in violation of various New York City

laws and Plaintiff's Constitutional due process rights.  The City Defendants, Joey Jackson Law,

PLLC, the CCA and COBA all move separately to dismiss the Amended Complaint for failure to

state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the

motions.  For the reasons below, the motions are granted.

I.      **BACKGROUND**

The following is a brief summary of facts taken from the Amended Complaint and

documents appended to, or incorporated by reference in, the Amended Complaint.  *See Clark v.*

*Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) ("On a motion to dismiss pursuant to Rule 12(b)(6) . . . .

district courts may review . . . the complaint, documents appended to the complaint or

incorporated in the complaint by reference . . . as well as documents not expressly incorporated by reference in the complaint that are nevertheless integral to the complaint.").[1]  The Amended Complaint's allegations are assumed to be true for the purpose of these motions and construed in the light most favorable to Plaintiff as the non-moving party.  *See Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024).

Plaintiff was employed by the New York City Department of Correction ("DOC"). Plaintiff held the title of "correction officer" from 2007 to 2018, after which she was promoted to "correction captain."  Plaintiff's promotion was subject to a one-year probationary period, as outlined in Plaintiff's promotion letter.[2]  In April 2019, Plaintiff was injured following a use-of-force incident with an inmate and was subsequently placed on sick leave by DOC's Health Management Division ("HMD").  In May 2019, Plaintiff notified HMD that she was pregnant and was eventually placed on maternity leave in October 2019.

Plaintiff remained on "sick leave, maternity leave, and workers' compensation leave" for approximately two years.  In August and October 2021, Plaintiff was suspended from duty with and without pay after being found by DOC to have violated the department's sick leave policy. In June 2022, after several other DOC investigations, Plaintiff was served with disciplinary "administrative charges" from DOC by mail.  Following her receipt of the charges, Plaintiff hired non-party Wayne Tatum, a labor relations and civil service consultant, to represent her.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

[2] The promotion letter is incorporated by reference and integral to the Amended Complaint because the Amended Complaint "relies heavily upon its terms and effect" regarding Plaintiff's promotion to correction captain and the probationary period to which the promotion was subject. *Clark*, 89 F.4th at 93 n.18.

In October 2022, Plaintiff was warned by DOC that it was "moving to demote her from captain to officer while she was on sick leave."  Plaintiff then contacted several board members of the CCA to clarify why she was being demoted, who informed her that she had been on probation for two years and that she would be served with demotion papers by DOC.  That same day, a DOC supervisor served Plaintiff with demotion papers at her home, which Plaintiff refused to sign.

On November 5, 2022, Plaintiff received a notice from Defendant Assistant Deputy Warden Wayne Prince directing her to report to HMD on November 7, 2022.  The notice threatened Plaintiff "with being removed from the sick list and being listed as AWOL, accompanied with additional disciplinary charges if she did not report" to HMD.  After Plaintiff reported to HMD, Defendant Prince suspended her "from sick leave" without pay until December 4, 2022, and took her shield and DOC ID card.  After this suspension, Plaintiff was placed back on sick leave.

In January 2023, a DOC attorney contacted consultant Tatum to schedule a pre-trial conference before Defendant Administrative Law Judge Kevin Casey regarding Plaintiff's employment.  Several weeks later, the DOC attorney contacted Mr. Tatum with settlement offers regarding Plaintiff's employment, including "Resignation (Termination at trial)" and "time served" for the suspensions from sick leave.  In response, Mr. Tatum "challenged Defendant Casey's jurisdiction" to conduct Plaintiff's disciplinary hearing.  Defendant Casey replied by providing Mr. Tatum with a copy of the designation letter from Defendant DOC Commissioner Louis Molina delegating the New York City Office of Administrative Trials and Hearings ("OATH") and its judges the authority to conduct "administrative due process hearings pursuant to Civil Service Law § 71, 72, 73, and 75" on behalf of DOC.  Defendant Casey then scheduled a

pre-trial conference for March 17, 2023.  Plaintiff and Mr. Tatum did not appear for the conference.

Plaintiff and Mr. Tatum continued to challenge OATH's jurisdiction and refused to engage in pre-trial proceedings.  On May 2, 2023, Defendant DOC attorney James Mattone informed Plaintiff that her OATH proceeding was scheduled for May 11, 2023, before Defendant Administrative Law Judge Jocelyn McGeachy-Kuls.  Defendant Mattone also requested a pre-trial conference.  On May 10, 2023, Mr. Tatum again objected to OATH's jurisdiction.

On May 11, 2023, Defendant Administrative Law Judge McGeachy-Kuls conducted the OATH removal hearing, which neither Plaintiff nor Mr. Tatum attended.  On June 26, 2023, Defendant McGeachy-Kuls issued her Report and Recommendation in which she recommended that Plaintiff's employment with DOC be terminated because Plaintiff "ha[d] been excessively absent due to sick leave . . . and [was] medically incompetent to perform her duties as a correction officer."  Mr. Tatum filed a letter objecting to the recommendation on August 2, 2023.  Plaintiff was terminated from her position on August 17, 2023.

## II.    STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Emilee Carpenter, LLC*, 107 F.4th at 99.  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] . . . claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570; *accord Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023).  Under Rule 12(b)(6), a court "accept[s] as true all well-pleaded factual allegations, draw[s] all reasonable inferences in the plaintiff's favor, and assess[es] the complaint

to determine whether those allegations plausibly establish entitlement to relief." *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Buon*, 65 F.4th at 76.

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).  Pro se litigants are accorded "special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021). Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord Scalercio-Isenberg v. Port Auth. of N.Y. & N.J.*, 487 F. Supp. 3d 190, 200 (S.D.N.Y. 2020).

## III.    DISCUSSION

The Amended Complaint alleges that Plaintiff was unlawfully terminated from her position at DOC in violation of various New York City laws and the Fourteenth Amendment of the United States Constitution.  As explained below, the Amended Complaint is dismissed in its entirety for failure to state a claim.

### A.    Claims Barred by Immunity

The Amended Complaint alleges several claims against Administrative Law Judge Defendants Rehman, McGeachy-Kuls and Casey (the "ALJ Defendants") and Agency Attorney Defendants Mattone and Andrews (the "Agency Attorney Defendants").  The motion to dismiss is granted as to all claims against the ALJ Defendants and Agency Attorney Defendants based on principles of judicial or prosecutorial immunity.

### 1. ALJ Defendants

The Amended Complaint alleges that the ALJ Defendants used their positions within OATH "to unlawfully conduct" Plaintiff's disciplinary and removal proceeding, causing Plaintiff to be "dismissed from permanent employment without due process of law" in violation of the Fourteenth Amendment.  It is "well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *accord McCluskey v. Roberts*, No. 20-4018, 2022 WL 2046079, at *4 (2d Cir. June 7, 2022) (summary order).  "Such immunity also extends to administrative officials performing functions closely associated with the judicial process, such as hearing examiners, because their roles are functionally comparable to that of a judge."  *McCluskey*, 2022 WL 2046079, at *4.

Because Plaintiff's claims against the ALJ Defendants are based on their conduct regarding Plaintiff's OATH hearing and pre-trial proceedings, these claims are barred by judicial immunity.  *See id.*; *Berlyavsky v. N.Y.C. Dep't of Env't Prot.*, No. 14 Civ. 03217, 2015 WL 5772266, at *19 (E.D.N.Y. Aug. 28, 2015) (affording "quasi-judicial immunity" to claim against OATH administrative law judges), *report and recommendation adopted as modified*, No. 14 Civ. 3217, 2015 WL 5772255 (E.D.N.Y. Sept. 30, 2015).  Plaintiff incorrectly argues that the ALJ Defendants do not have judicial immunity because they acted contrary to "clearly valid statutes" that divested them of jurisdiction.  However, New York City Charter § 1048(1) states that OATH "shall conduct adjudicatory hearings for all agencies in the city unless otherwise provided for by executive order, rule, law or pursuant to collective bargaining agreements."  New York City Charter § 1049(3) gives administrative law judges jurisdiction to "make recommended or final findings of fact or decisions, determinations or orders, as authorized by law."

Plaintiff also argues that the ALJ Defendants lacked authority to conduct Plaintiff's Section 75 hearing and pretrial proceedings related to the hearing because they were not properly "designate[d]" by Defendant Commissioner Molina.  Under New York City Civil Service Law § 75(2), an OATH hearing must "be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose."  "In the absence of a written designation, the removing body or hearing officer has no jurisdiction to recommend the discipline of an employee and any disposition flowing from such a proceeding will be void."  *Lindo v. Ponte*, 57 N.Y.S.3d 163, 165-66 (2d Dep't 2017).  Section 75(2)'s requirements "are satisfied by a written record of such designation, such as the minutes . . . or a letter to the hearing officer advising him or her that the official designation has taken place."  *Arthur v. Soares*, 945 N.Y.S.2d 782, 782 (3d Dep't 2012).

Plaintiff's argument that the ALJ Defendants lacked authority to conduct her Section 75 hearing is incorrect because Defendant Molina, as the Commissioner of the Department of Correction during the relevant time period, properly provided "written delegation authorizing" the ALJ Defendants to conduct such hearings.  Defendant Molina served as the Commissioner of the Department of Correction, and thus was the "officer or body having the power to remove" Plaintiff from her position.  On April 20, 2022, Defendant Molina provided Defendant Chief Administrative Law Judge Rehman with a letter "designat[ing him] or such other Administrative Law Judge of OATH as he may assign, to conduct administrative due process hearings pursuant to Civil Service Law §§ 71, 72, 73, and 75 . . . in accordance with OATH's Rules of Practice."  Defendant Molina also "authorized [the ALJ Defendants] to conduct conferences . . . hear and dispose of all pre-trial motions and matters . . . and hear all post trial motions prior to the

submission of the Report and Recommendation." That designation letter was provided to

Plaintiff. Pursuant to that designation, Defendant Chief Administrative Law Judge Rehman, and

Defendants McGeachy-Kuls and Casey, whom Defendant Rehman assigned to Plaintiff's case,

properly acted within their jurisdiction when they conducted Plaintiff's Section 75 hearing and

pretrial proceedings. Plaintiff's claims against the ALJ Defendants are dismissed.

### 2. Agency Attorney Defendants

The Amended Complaint's claims against the Agency Attorney Defendants are dismissed

because these claims are barred by principles of prosecutorial immunity. The Amended

Complaint alleges that the Agency Attorney Defendants used their positions as "DOC

Attorney[s]" to "violate[] [Plaintiff's] Fourteenth Amendment right to procedural due process of

law" during Plaintiff's OATH hearing. Such claims are barred because "common law precedents

. . . extend absolute immunity to government attorneys participating in the administrative

process." *Yi Sun v. Saslovsky*, No. 19 Civ. 10858, 2020 WL 6828666, at *5 (S.D.N.Y. Aug. 6,

2020).

### B. Remaining Substantive Claims

The Amended Complaint's remaining claims assert violations of the Due Process Clause

of the Fourteenth Amendment and *Monell* liability (Count I), and violations of various New

York City statutes and executive orders (Counts II, IV, V, VI, VII). Plaintiff's opposition to

Defendants' motions to dismiss fails to respond to Defendants' arguments that the Amended

Complaint insufficiently pleads these causes of action. "The Court may, and generally will,

deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the

claim should be dismissed. Application of this proposition is, however, tempered by the Court's

discretion." *Grimes v. Sil*, No. 19 Civ. 01066, 2020 WL 1516459, at *3 n.1 (E.D.N.Y. Mar. 29,

2020).  Because Plaintiff is pro se, this decision considers the merits of the claims below and

grants Defendants' motions to dismiss based on the merits as well as abandonment.

### 1.  Violations of NYC Statutes and Executive Orders (Counts II, IV, V, VI, VII)

The Amended Complaint alleges that Defendants were involved in the termination of

Plaintiff's employment in violation of various NYC statutes and executive orders (the "NYC

laws").  Specifically, the Amended Complaint alleges that Defendants violated: (i) New York

City Charter § 815(f); (ii) Executive Law § 296; (iii) Public Officers Law §§ 86, 87, 89; (iv)

Personnel Rules and Regulations of the City of New York ("RCNY") 55 §§ 5.2.7 and 5.2.8(b);

(v) Mayoral Executive Order No. 16 (July 26, 1978) ("MEO No. 16") as amended by Mayoral

Executive Order No. 105 (December 26, 1986) ("MEO No. 105") and (vi) Mayoral Executive

Order No. 32 (July 25, 1979) ("MEO No. 32").

The Amended Complaint fails to state a claim based on these NYC laws.  New York City

Charter § 815(f) states that "[t]he heads of all agencies shall, except as otherwise provided by

law, have power to appoint and remove, subject to the provisions of the civil service law, all . . .

employees and subordinates in their respective administrations, departments or offices."  The

Amended Complaint alleges that Defendant Commissioner of Correction Molina violated NYC

Charter § 815(f) "when he removed [Plaintiff] from service" in violation of provisions of the

civil service law.  However, as discussed above, Defendant Molina properly designated OATH

to handle Plaintiff's removal proceedings in accordance with New York City Civil Service Law

§ 75.  Plaintiff's arguments to the contrary are without merit.

The Amended Complaint's claims based on other NYC laws similarly fail.  Executive

Law § 296, which, in relevant part, prohibits employers from discriminating based on "an

individual's age, race, creed, color, national origin" and other protected characteristics, is

inapplicable here because, while the Amended Complaint does allege that Defendant Molina

"unlawfully discriminate[d] against" Plaintiff, it does not allege that any such discrimination was

on account of any characteristic protected by § 296.  Public Officers Law §§ 86, 87 and 89

govern the public's access to agency records, and states in relevant part that an agency "shall . . .

make available for public inspection and copying all records" and may deny requests to avoid

certain harms.  Public Officers Law § 87(2).  The Amended Complaint does not allege that

Plaintiff requested access to any public records pursuant to §§ 86, 87 and 89.

    The provisions of 55 RCNY §§ 5.2.7 and 5.2.8(b) govern the duration of probationary

terms and the termination of probationary employees.  These statutes do not support the

Amended Complaint's claim that Defendant Pinnock, Deputy Commissioner of DOC's Human

Resources division, violated these statutes when she demoted Plaintiff from her probationary

correction captain position to her non-probationary correction officer position because that

change in position was not a termination.

    The Amended Complaint's claims regarding MEO Nos. 16 and 17 also fail.  MEO No. 16

provides in relevant part that "each agency shall be responsible for the preparation and

prosecution of all formal administrative proceedings, including removal and other disciplinary

proceedings for misconduct or incompetency."  MEO No. 16, as amended by MEO No. 105,

further provides that "[e]ach agency head shall establish a system for such formal disciplinary

proceedings."  While the Amended Complaint alleges that Defendant Commissioner Molina

violated MEO No. 16 by failing to "create a fair disciplinary system in DOC for formal

disciplinary proceedings," as discussed above, Defendant Molina properly administered

Plaintiff's Section 75 hearing by providing written authorization to the ALJ Defendants at

OATH.  Finally, MEO No. 32, which established OATH, states that "[e]xcept as otherwise

provided by law . . . all agency heads shall delegate to the Chief Administrative Law Judge the authority to conduct disciplinary . . . hearings."  The Amended Complaint's allegations that Defendant Molina violated that executive order by conducting Plaintiff's termination hearing through OATH instead of through some unspecified alternative forum fail because, as discussed above, Defendants properly administered Plaintiff's Section 75 hearing.  Defendants' motions to dismiss Counts II, IV, V, VI and VII are granted.

### 2.  Fourteenth Amendment Claim (Count I)

The Amended Complaint's first cause of action asserts that Defendants deprived Plaintiff of property interests in her "continued employment" at DOC without due process of law in violation of 42 U.S.C. § 1983.  The Amended Complaint alleges three different unconstitutional deprivations of Plaintiff's employment: (i) Plaintiff's demotion from probationary captain to correction officer; (ii) Plaintiff's suspensions with and without pay after being demoted and (iii) Plaintiff's termination through OATH after her suspensions.

Section 1983 states in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  To state a § 1983 claim, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015).  "Still, a plaintiff with a protectable property interest must allege facts sufficient to plead that the plaintiff was deprived of that property without a constitutionally adequate pre- or post-deprivation process, to state a claim for

11

a violation of procedural due process." *Chak v. N.Y. State Dep't of Educ.*, No. 23 Civ. 2361, 2024 WL 4635203, at *5 (E.D.N.Y. Oct. 31, 2024).

The Amended Complaint fails to state a § 1983 claim because it fails to allege that "the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States," *see Milan*, 808 F.3d at 964, or that Plaintiff was not afforded adequate pre-deprivation and post-deprivation process, *see Chak*, 2024 WL 4635203, at *5. As to Plaintiff's first alleged deprivation -- her demotion from probationary captain to correction officer -- Plaintiff did not have a property interest in her position as a probationary captain because "[w]here state law defines an employment position as probationary, the employee lacks a legal claim of entitlement and therefore lacks a property interest in the expectation of continued employment." *Jannsen v. Condo*, 101 F.3d 14, 16 (2d Cir. 1996); *accord Biehner v. City of New York*, No. 19 Civ. 9646, 2021 WL 878476, at *4 (S.D.N.Y. Mar. 9, 2021).

Plaintiff's second category of alleged deprivation -- her suspensions with and without pay -- are similarly inactionable. Plaintiff was not deprived of a property interest when she was suspended with pay. "The Second Circuit has intimated, and courts in this district routinely hold, that no property interest is implicated when a public employee is suspended with pay, as [Plaintiff] is here." *Farooq v. N.Y.C. Health & Hosps. Corp.*, No. 19 Civ. 6294, 2020 WL 5018387, at *4 (S.D.N.Y. Aug. 25, 2020), *aff'd sub nom. Farooq v. City of New York*, No. 20-3185, 2022 WL 793117 (2d Cir. Mar. 16, 2022). Plaintiff's suspension without pay is inactionable because, even assuming a deprivation of a property interest, Plaintiff was provided "adequate pre- [and] post-deprivation" opportunity to be heard regarding the suspension. *Chak*, 2024 WL 4635203, at *5; *see also Lefebvre v. Morgan*, No. 14 Civ. 5322, 2016 WL 1274584, at *13 (S.D.N.Y. Mar. 31, 2016) ("[I]t follows that a property interest would be implicated if a

covered employee [under N.Y. Civ. Serv. L. § 75] is improperly suspended without pay."). The Amended Complaint alleges that Plaintiff was provided with a "Notice of Summary Suspension from Duty," which stated that her suspension would be "automatically reviewed by the Summary Suspension Review Committee" and that Plaintiff "may submit a written appeal to the committee at any time during the suspension period." The notice of suspension and the opportunity to appeal provided Plaintiff with adequate pre- and post-deprivation remedies. *See Chak*, 2024 WL 4635203, at *5 (finding pre- and post-deprivation procedures sufficient where "[p]laintiff was afforded thirty days from receiving notice of the complaints against her to respond" and was afforded the opportunity to appeal); *Peralta v. N. Y.C. Dep't of Educ.*, No. 21 Civ. 6833, 2023 WL 6201507, at *3 (E.D.N.Y. Sept. 22, 2023) ("As the Second Circuit has explained, the Constitution mandates only that [pre-deprivation] process include, at a minimum, notice and the opportunity to respond."). Plaintiff's suspension without pay did not violate her due process rights.

The third category of deprivation alleged in the Amended Complaint is the termination of Plaintiff's employment as a correction officer. In the procedural due process context, "the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neigh. Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996); *accord Robertson v. Fluerinord*, No. 23 Civ. 4977, 2024 WL 4728544, at *7 (S.D.N.Y. Nov. 8, 2024). For random, unauthorized acts, due process is satisfied "so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neigh. Action Comm.*, 101 F.3d at 880. On the other hand, "[w]hen the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due

process." *Id.*  Regardless of whether Plaintiff's deprivation was due to Defendants' established state procedures or random, unauthorized acts by Defendants' employees, Plaintiff's due process claim regarding her termination fails.

First, if Plaintiff's termination was due to Defendants' established procedures, the due process claim fails because Plaintiff was provided "a pretermination hearing that satisfied the essential requirements of due process" such as "notice and an opportunity to respond." *Flynn v. Bloomingdale*, No. 22-1431, 2023 WL 4832223, at *3 (2d Cir. July 28, 2023) (summary order). Plaintiff was afforded a pre-termination hearing with OATH, which included pretrial proceedings and a hearing.  *See Merced v. Ponte*, No. 17 Civ. 4918, 2019 WL 1208791, at *11 (E.D.N.Y. Mar. 13, 2019) ("The OATH proceeding provided plaintiff with notice and an opportunity to be heard."), *aff'd*, 807 F. App'x 127 (2d Cir. 2020).

Second, even if Plaintiff's termination was due to random, unauthorized acts by Defendants' employees because, as Plaintiff argues, it was done in violation of NYC law, "the existence of a meaningful post-deprivation remedy would automatically satisfy procedural due process." *See Flynn*, 2023 WL 4832223, at *3.  Plaintiff was afforded the post-termination remedy of an Article 78 proceeding, "a hearing which [the Second Circuit has] previously held is a meaningful post-deprivation remedy." *Id.*  That Plaintiff chose not to participate in the pre- or post-termination hearings makes no difference.  *See id.* (Article 78 proceeding was sufficient post-termination remedy even though plaintiff "simply chose not to" use it); *Simmons v. NYS Dep't of Soc. Servs.*, No. 19 Civ. 3633, 2019 WL 1988673, at *4 (S.D.N.Y. May 3, 2019) ("[P]laintiff's failure to avail [herself] of existing procedures cannot provide any basis for a

claim that [her] right to procedural due process was violated.").  Plaintiff's termination did not violate her procedural due process rights.[3]

### 3. *Monell* Claim (Count I)

The Amended Complaint alleges a *Monell* claim against the City.  "In *Monell*, the Supreme Court held that municipalities and other local government units are persons who may be sued under § 1983."  *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)).  To establish a claim against a local government, the plaintiff must show: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right."  *Id.*  The *Monell* claim is dismissed because it fails to allege sufficiently the deprivation of a constitutional right, as discussed above, and fails to plead a municipal policy or custom.

"To satisfy the policy-or-custom requirement, a plaintiff may challenge an express rule or regulation, or the plaintiff may allege that the challenged practice was so persistent or widespread as to constitute a custom or usage with the force of law or that the facts imply the constructive acquiescence of senior policy-making officials."  *Green*, 16 F.4th at 1077. "However, a general and conclusory allegation of a municipal policy or custom fails to state a plausible claim."  *Id.*

---

[3] Because the Court finds that the Amended Complaint does not sufficiently plead a violation of Plaintiff's due process rights under the Fourteenth Amendment, the § 1983 claims against COBA, Benny Boscio and Joey Jackson Law, PLLC are dismissed on the same basis.  *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("[T]he district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted [as long as] the plaintiff [is afforded] an opportunity to be heard."); *accord Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 156, 172 (S.D.N.Y. 2024) (dismissing claim against defendant under Rule 12(b)(6) even though defendant did not expressly join the arguments raised by the other defendants in the action).  It is therefore unnecessary to address the separate (and meritorious) argument of Defendants COBA, Benny Boscio, and Joey Jackson Law, PLLC that, because they are private actors, the § 1983 claims against them are not actionable.

While the Amended Complaint names the City of New York as a Defendant, it does not plausibly plead any policies or practices that caused Plaintiff a constitutional deprivation. Construed liberally, the Amended Complaint alleges that the City violated various city laws and wrongfully terminated Plaintiff's employment. But these allegations are specific to Plaintiff, and while Plaintiff argues that "it is the City's . . . policy to violate" city laws to discipline its employees, such conclusory statements are insufficient to state a *Monell* claim. *See id.* The Amended Complaint does not allege facts sufficient to show a widespread municipal policy or practice of failing to investigate crimes.

IV.    **CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss are **GRANTED**. Leave to replead is denied because better pleading would not cure the lack of a constitutional violation. *See Ward v. City of Middletown*, No. 17 Civ. 5248, 2022 WL 562949, at *8 (S.D.N.Y. Feb. 24, 2022) ("[A]lthough pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile because the problem with the claim is substantive and better pleading will not cure it.").

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 35, 38, 63 and 73, and to close the case.

Dated: March 21, 2025
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

16